ELIZABETH MARIE DIMLER

    Plaintiff,

    v.

PRIMELENDING A PLAINSCAPITAL BANK.
COLONIAL SAVINGS, F.A.
RILEY POPE & LANEY, LLC

                           CASE #: 2:24-cv-05921-DCN-MHC

    Defendants,

## **PLANTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

    COMES NOW, person ELIZABETH MARIE DIMLER, presented by woman Elizabeth Marie Dimler and files this Complaint against Defendant PRIMELENDING A PLAINSCAPITAL BANK ("PRIMELENDING"), and  Defendant Colonial Savings, F.A. ("COLONIAL"), collectively referred to as "Defendants" and alleges, upon information and belief, the following: (**Please note that spelling of each name is important and will always be as above throughout this complaint for clarity in the court.)**


    **Important Note 1**: The closing on August 27, 2019, property at 8129 Shadow Oak Drive, North Charleston, South Carolina 29406, **SUBDIVISION NAME, OAK BLUFF DESCRIPTION -LOT 1502 PHASE 1-B, PLAT SUFFIX EG-188 POLTWP 006, TMS NO. 484-00-00-245.**  Weeks and Irving, LLC on August 27, 2019, was the closing Attorney Law Firm, I was not given non-disclosure how to properly indorse the promissory note correctly, but it is still my responsibility. However, PRIMELENDING has stamped the promissory note with their qualified/special indorsement by Susan Saffle, AVP.  This is also a Breach of Contract, and a Breach of Fiduciary duties, and not equal consideration of this mortgage contract agreement.
Any usage of the term "lender" or "borrower" when attempting to say that PRIMELENDING "Loaned" Elizabeth Marie Dimler anything will be and is being charged of Breach of Fiduciary duties. The ONLY thing is considered consideration in this contract agreement is now the helpful actions that assist in security swaps at the Federal Reserve Discount Window. NOTHING ELSE IS CONSIDERATION. This activity is not "lending" but is a simple "currency

exchange." This is what it will be called in all aspects of the contract or any necessary litigation.  Any usage of the word "lending" or any indication of me being "loaned" anything will be met with fraud charges.

**Important Note 2**: Plaintiff reached out for assistance to The FDIC Inspector General and to the Treasury Inspector General. The CFPB contacted via email regarding all the derogatory reporting on my credit score profile. The plaintiff has sent to COLONIAL a Cease-and-Desist letter due to that they cannot prove that this debt is valid. COLONIAL has not shown me how the loan was funded, and plaintiff did receive a partial accounting, but plaintiff did not request for accounting in accordance to Uniform Commercial Code 9 – 210. This is an ongoing issue started back on January 18, 2024, to COLONIAL, and in general factual allegations will be shown in the timeline. COLONIAL has threatened to foreclose on the property above.

**Important Note 3**:  If, plaintiff owes this debt then why is it not reported on my UCC-11 certified copy and/or UCC-1 lien in accordance with Secretary of State of South Carolina there is "Nothing of file".

**Important Note 4**: Requested and still waiting on a FOIA with allonges from Chief FOIA Officer for the mortgage contract agreement. If, PRIMELENDING sold the note to COLONIAL or placed it into a trust this process is called securitization.

**Important Note 5**: Uniform Commercial Code 3-205, it is a "**blank indorsement**." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

**Important Note 6:** Pursuant to Title 12 U.S.C 412, This instrument were then used as "Collateral Security", and an application for notes was executed accordingly, or the instrument were sold or traded while blank indorsed, as they could be negotiated by transfer of possession alone.

**Important Note 7:**  Absolutely any attempt to degrade the Uniform Commercial Code by equating it or the technology of negotiable instruments to any "vapor money theory", "redemption scheme", or any other nonsense

will be reported to the Supreme Court of the State, the Supreme Court of the United States as well as to the BAR. Anyone attempting to degrade our law will not be tolerated.

    **Important Note 8**: MONEY is defined, In usual and ordinary acceptation, it means gold, silver- Black's Law 4th Edition.

    **Important Note 9:** PAYMENT is defined. The fulfilment of a promise, or the **performance** of an agreement. A discharge of an obligation or debt, and part payment, if accepted, is a discharge pro tanto. Hattrem v. Burdick, 138 Or. 660, 6 P.2d 18, 19. – Black's Law 4th Edition

    **Important Note 10:** Sent an Affidavit Letter of Credit and Credit Released and a 1099-a both refused, Elizabeth Marie Dimler was trying to perform (see important note 9). Once refused Uniform Commercial Code 3-603 (b) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an <u>indorser</u> or accommodation <u>party</u> having a right of recourse with respect to the obligation to which the tender relates.

    **Important Note 11:** All Title 18 crimes, which normally do not have a "private right of action" in litigation, are hereby entered into this court case, as a contractual aspect of my contract agreement. Meaning that all of these codes are now enforceable in a civil and/or federal court as a private part of my contractual obligations and THESE CODES ARE NOW ACTIVE TO BEING CAUSE OF ACTIONS in civil and/or federal courts.

## I.   <u>INTRODUCTION</u>

1. Elizabeth Marie Dimler would like to mention that she has studied for an unbelievable number of hours in an attempt to be very kind, knowledgeable, smooth and educatable woman. Elizabeth Marie Dimler is not belligerent and arrives with her hat and her hand in an effort to learn, grow and achieve the best possible result for all parties. Elizabeth Marie Dimler recognizes and has no experience with the typical "pro se litigant" and she understands the frustrations and exhaustions of the

court. Elizabeth Marie Dimler asks, with full transparency, to please not label her in the same category as what has been seen before by the court.

2. Elizabeth Marie Dimler is very excited about the procedure of law and has a great veneration towards the work of the court as well as the amazing effort of everyone who has contributed to our incredible system.

## II.    JUISDICTION AND VENUE

3. This court has jurisdiction over this action and all counts under 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391because the events giving rise to this claim originated in this district.

5. Joinder in this district is proper as to both Defendants Under Rule 20(a) of the Federal Rule of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or facts common to all Defendants.

6. Through the powers of naturalizations, found in 8 U.S.C. §1101(a)(23), Elizabeth Marie Dimler confers the nationality of the State called "STATE OF SOUTH CAROLINA" on ELIZABETH MARIE DIMLER, after birth, by any means whatsoever. This satisfies the jurisdictional requirement of the court.

## III.    PARTIES

7. Plaintiff is a resident of Charleston County, South Carolina, which is located in the district.

8. Defendant PRIMELENDING is a Texas Foreign For-Profit Corporation with its principle place of business located at 18111 Preston Road #900, Dallas, Texas 75252 and which conducts business in the State of South Carolina. PRIMELENDING may be served with process upon its registered agent for service of process, at 206 Brighton Park Blvd. Suite A, Summerville, South Carolina 29486.

9. Defendant COLONIAL is a Texas Foreign For-Profit Corporation with its principle place of business located at Post Office Box 2988, Fort Worth, Texas 76113 and which conducts business in the State of Texas.

10. COLONIAL may be served with process upon, its registered agent for service of process, at Colonial Services, Loss Mitigation Department, 2626 B West Freeway, Fort Worth, Texas 76102.
11. RILEY POPE & LANEY, LLC may be served with process upon, its registered agent for  service of process, at 2838 Devine Street, Columbia, South Carolina 29205.

## IV.  GENERAL FACTUAL ALLEGATIONS

12. Ens Legis name "ELIZABETH MARIE DIMLER" and "ELIZABETH M DIMLER" are both referring to the same person.
13. Elizabeth Marie Dimler, Elizabeth M Dimler is the representative for ELIZABETH MARIE DIMLER, ELIZABETH M DIMLER.
14. Improper performance was made on these accounts by extraneous and unnecessary Federal Reserve Notes being used to pay accounts.
15. Proper performance would have been to indorse the original promissory note under qualified special negotiations, prior to them being exchanged for Federal Reserve Notes.
16. Elizabeth M Dimler failed to do a qualified/special indorsement on the original collateral securities.
17. Had Elizabeth M Dimler known, would have done a qualified/special indorsement on the collateral securities all the way from the beginning.
18. Elizabeth Marie Dimler never intended to do ANY blank indorsement on behalf of ELIZABETH MARIE DIMLER, ELIZABETH M DIMLER.
19. Improper performance is done via blank indorsement and lack of orders.
20. Proper performance is done primarily through clear orders and qualified/special indorsement.
21. Improper performance unbalances accounting.
22. A promissory note is an unconditional promise to pay.
23. The Promissory note are negotiable instruments.
24. "Promissory note" and "note" means the same thing.
25. Federal Reserve Notes are promissory notes.
26. Federal Reserve Notes are negotiable instruments.
27. All promissory notes are collateral securities in accordance with Title 12 U.S.C § 412.

28. Each month there is a billing statement generated on the above accounts.
29. A "billing statement" is an unconditional order to pay.
30. A "billing statement" or "bill" or any similar language, is another term to describe a "bill of exchange".
31. An unconditional order to pay is a bill of exchange.
32. A bill of exchange is a negotiable instrument.
33. Billis of exchange are collateral securities in accordance with Title 12 U.S.C § 412.
34. The definition of "payment" is: "The fulfillment of a promise, or the performance of an agreement.
35. One definition for "tender" is: "The offer of performance, not performance itself, and, when unjustifiable refused, places other party in default and permits party making tender to exercise remedies for "breach of contract".
36. The above definition is in accord with Uniform Commercial Code 3-603(b).
37. All promissory notes produce by ELIZABETH MARIE DIMLER are under the purview of Title 18 U.S.C. § 8.
38. All bills of exchange sent to ELIZABETH MARIE DIMLER are under the purview of Title 18 U.S.C. § 8.
39. ELIZABETH MARIE DIMLER able to legally create currency because it is a Federal Reserve member bank.
40. The Federal Reserve Bank is the custodian to pay on behalf of obligations or other securities of the United States Title 18 U.S.C. § 8.
41. ELIZABETH DIMLER received a letter from National MI, account no. 100049978, on August 8, 2019.
42. ELIZABETH M DIMLER closed on mortgage agreement on August 27, 2019, at Weeks and Irvine, LLC office at 8086 Suite B, North Charleston, South Carolina 29406.
43. ELIZABETH M DIMLER wire transfer of $4,483.85 as a downpayment.
44. ELIZABETH M DIMLER the closing Attorney at Law, Mark W Weeks, Esquire.
45. ELIZABETH M DIMLER received on August 28, 2019, enclosed Final Title Policy by Nikki Collis, Post Closing Department. File No. 19-07943TMT
46. ELIZABETH M DIMLER received on October 9, 2019, enclosed recorded in the RMC Office for Charleston County. File No. 19-07943TMT

47. ELIZABETH M DIMLER received a letter from Fredie Mac, October 9, 2019, has purchased my mortgage loan.

48. ELIZABETH M DIMLER received PRIMELENDING Mortgage Loan #2626001382, Notice of Servicing Transfer, on October 11, 2019, to COLONIAL.

49. ELIZABETH M DIMLER received October 17, 2019, Mortgage Account Number 0045033887.

50. ELIZABETH M DIMLER first billing cycle with COLONIAL on November 1, 2019, of $845.26.

51. ELIZABETH M DIMLER asked COLONIAL to have Covid relief back in May 2020 due to being laid-off from Berlin's Restaurant Supply for about one year.

52. Letter dated January 18, 2024, to Mortgage Services debt validation.

53. Letter dated January 18, 2024, to Customer Advocacy debt validation.

54. A conditional acceptance accepted for certified mail 9590 9402 8483 3186 1290 63 delivery on January 25, 2024, at 6:57am for Mortgage Services.

55. This conditional acceptance is hand-signed for by agent Jose Navjar.

56. Jose Navjar (print/signature not legible) signed for the parcel by hand with a black pen.

57. A conditional acceptance accepted for certified mail delivery on January 29, 2024, at 8:34am for Customer Advocacy.

58. This conditional acceptance is hand-signed for by agent Jose Navjar.

59. Jose Navjar (print/signature not legible) signed the parcel by hand with a black pen.

60. Requesting Corporate Records, Booking Records and Financial Contract Records.

61. Deed and Trust.

62. Promissory Note.

63. Copy of Bank Loan Check.

64. Asked to respond within 30 days.

65. Colonial Customer Relations Department Letter dated March 28, 2024, sent me the following information.

66. Payments from 2019.

67. Payments from 2020.

68. Payments from 2021.

69. History statement from January 01, 2022, to March 28, 2024, and consisted of 3 pages.
70. Mortgage Note copy from PRIMELENDING.
71. Note from PRIME LENDING.
72. CIK Number 0000744331 and 56784.
73. Customer Advocacy letter dated April 1, 2024, another debt validation on account 004503387.
74. Sent notarized and certified mail 9414 7112 0621 0371 7013 17 on April 2, 2024.
75. A conditional acceptance accepted on April 8, 2024, at 8:54am.
76. Conditional acceptance hand-signed for by agent Jose Navjar (print /signature not legible).
77. Jose Navjar (print / signature not legible) signed for the parcel by hand with black pen.
78. Requesting for the following information the contract agreement with COLONIAL.
79. Total forensic accounting.
80. Warranty deed.
81. Note with COLONIAL.
82. Recorder's page filed by PRIMELENDING.
83. Accounting information from January 14, 2022, to March 19, 2024.
84. Late Fee on Statement March 18, 2024, under FCDPA.
85. Types not received from my debt validation letter January 18,2024.
86. Deed and Trust.
87. Copy of Bank Loan Check from PRIMELENDING.
88. Contract agreement with PRIMELENDING.
89. Original letter dated January 18, 2024.
90. Certified mail receipt 9589 0710 5270 0766 7886 52.
91. Certified mail receipt 9589 0710 5270 0786 7886 38.
92. South Carolina Secretary of State business entities online for PRIMELENDING, and COLONIAL.
93. UCC 9-102 (65) Cornell Law defines "Promissory Note"
94. Title 31 U.S.C 5103 Cornell Law defines "Legal Tender" for debt.
95. Negotiable Instruments Act 1881, Securities Act 2(1)3(a)(3).
96. Title 31 U.S.C 5118 (d) (2) Promissory Note is "The Equivalent of Money"
97. In Accordance with UCC 1-202 Notice of Knowledge fee schedule lawful legal notice (FDCPA).

98. Respond in 15 days.
99. Colonial Customer Advocacy Team letter dated April 08, 2024, to process of collecting all necessary documents within 30 days.
100. Colonial Mortgage Services two letters dated April 16, 2024, NOTICE OF DEFAULT AND OPPORTUNITY TO CURE AND INTENT TO ACCELERATE/ FORECLOSE in the amount of $3,544.97. Mailed to Lora Render at 1706 Agile Street, San Antonio, Texas 78248.
101. Colonial Mortgage Services a letter dated April 16, 2024, NOTICE OF DEFAULT AND OPPORTUNITY TO CURE AND INTENT TO ACCELERATE/FORECLOSE in the amount of $3,544.97. Mailed to 8129 Shadow Oak Drive, North Charleston, South Carolina 29406.
102. Notarize and Certified Mail 9590 9402 8483 3186 1537 09 / 9414 7112 0621 0188 7941 37 letter dated April 22, 2024, to COLONIAL Customer Advocacy still asking for debt validation and the rules of FDCPA.
103. Notarize and Certified Mail 9590 9402 8483 3186 1838 43 / 9414 7112 0621 0188 7877 88 letter dated April 22, 2024, to COLONIAL David Motley, President.
104. Notarize and Certified Mail 9590 9402 8483 3186 1838 36/9414 7112 0621 0188 7582 21 letter dated April 22, 2024, to COLONIAL Allen Maulsby, Executive Vice President.
105. Conditional acceptance on April 25, 2024, at 6:54am.
106. Conditional acceptance was hand signed by M. Walker.
107. M Walker signed the parcel by hand with a black pen.
108. Conditional acceptance on April 25, 2024, at 8:31 am.
109. Conditional acceptance on April 25, 2024, at 8:32 am.
110. Conditional acceptance was hand signed by Jose Najar (Not legible print /signature).
111. Conditional acceptance was hand signed by Jose Najar (Not legible print /signature).
112. Jose Najar signed (not legible print/signature) for the parcel was hand-signature with black pen.
113. Jose Najar signed (not legible print/signature) for the parcel was hand-signature with black pen.
114. Pursuant to Title 15 U.S.C 1692(a)(b) Validation of Debts.
115. Pursuant to UCC 9-102(a) Promissory Note.
116. Pursuant to Title 31 U.S.C. 5118 (d)(2) National Bank Currency.
117. Pursuant to Title 31U.S.C. 5103 Legal Tender.

118. Pursuant to Title 15 U.S.C. 1692 (c)(2) The original creditor.

119. Pursuant to Title 15 U.S.C. 1692 (h) All payments return to me.

120. Carpenter v. Longan 83 U.S. 16 Wall 271 (1872) Cannot separate deed & Trust and promissory note, or it is Null and Void.

121. In accordance with UCC 1-202 Notice is knowledge fee with FDCPA.

122. MERS Recorder's Page Charleston County.

123. Notarize and certified mail 9414 7112 0621 0135 7523 64 letter dated May 3, 2024, Customer Advocacy.

124. A conditional acceptance accepted on April 7, 2024, at 2:27am.

125. Conditional acceptance hand-signed for by agent Jose Navjar (print /signature not legible).

126. Jose Navjar (print / signature not legible) signed for the parcel by hand with black pen.

127. Requesting bank loan check.

128. Requesting CUSIP number

129. Exhibits 1 15 U.S.C. 1692 g(a)(b). validation of debts.

130. Exhibits 2 UCC 9-102 (a) (65) Promissory note.

131. Exhibit 3 Title 31 U.S.C. 5118 (d)(2) National currency.

132. Exhibit 4 Carpenter v Longan 83 US (6) Promissory note cannot be separated from the deed & trust.

133. Exhibit 5 Pursuant to Title 12 USC 83(a) banks do not loan their own stock.

134. Exhibit 6 Pursuant to Title 12 USC 1431 Power and duties of banks.

135. Exhibits 7, 8,9 UCC 3-104 Negotiable instruments unconditional promise to order to pay.

136. Exhibits 10,11,12 The Securities Act of 1933.

137. Exhibits 13, 14 Special Purpose Vehicle.

138. Exhibit 15 Asset-Backed Securities

139. Colonial payoff statement $144,575.92, dated May 08, 2024, refused my 1099a.

140. The IRS 1099a form is an unconditional order to pay.

141. The IRS 1099a form is a bill of exchange.

142. Two different 1099a's one by email and one by mail. The IRS approved both. Submitted to setoff entire balance of $145,115.41. Overpayment of $539.49.

143. Refusal UCC 3-603 (b) states if refused the debt discharged.

144. Baker, Monroe, Hutson PLTC the Firm represents Colonial. Dated May 9, 2024, sent certified mail by Gregory W Monroe letter stating, "Please consider this letter and information as a full response to your request for validation of the debt."

145. **Exhibit A Note shows my blank indorsement and Susan Saffle, AVP qualified/special indorsement.**

146. Exhibit B Mortgage loan no#2626001382.

147. Exhibit C Closing Disclosure and payment history.

148. Exhibit D assignment and servicing to valid debt- The time period for you to dispute this debt expired on or before December 1, 2019.

149. Notarize and certified mail 9589 0710 5270 1712 9949 05 letter dated May 14, 2024, to Colonial Default Department

150. Notarized and certified mail 9589 0710 5270 1712 9949 12 Baker, Monroe, Huston c/o Gregory W Monroe.

151. Conditional acceptance on May 25, 2024, at 4:54am.

152. Conditional acceptance was hand signed by Jose Najar (Not legible print /signature).

153. Jose Najar signed (not legible print/signature) for the parcel was hand-signature with black pen.

154. Conditional acceptance on May 28, 2024, at 1:17pm.

155. Conditional acceptance was hand signed by Lisa Leaton.

156. Lisa Leaton signed the parcel by hand with a black pen.

157. Still requesting a copy of the bank loan check that funded my mortgage the debt not validated.

158. Exhibit 1 Title 12 USC 83 (a) banks do not loan their own stock.

159. Exhibit 2 Title 12 USC 1431 Powers and duties of bank.

160. Exhibit 3 FCRA section 605B no authority and/or no right to report any positive or negative reporting.

161. Exhibit 4 FDCPA I have every right to report to request this information.

162. Pursuant Title 15 USC 1629g(a)(b) validation of debt.

163. Requesting PRIMELENDING A PLAINSCAITAL BANK a copy of loan check front and back with my endorsement.

164. CUSIP Number every legal financial contract has one.

165. Exhibit 5 Investor.gov US Securities and Exchange Commission that promissory notes are a form of debt that companies use to raise money.

166. Exhibit 6 Pursuant to UCC 9-102(a) section (65) promissory note.

167. Exhibit 7 Pursuant to Title 31 USC 5118(d)(2) National Bank Currency.

168. Exhibit 8 US Supreme Court Carpenter v. Longan 83 US 16 the deed and trust, promissory note cannot be separated.
169. UCC 3-104 negotiable instruments.
170. Affidavit Letter of Credit and Credit Released a one-time in the amount of $145,115.41. Notarized and thumb printed. The IRS
171. Affidavit Sworn statement is an unconditional order to pay.
172. Affidavit Sworn statement form is a bill of exchange.
173. Refusal UCC 3-603 (b) states if refused the debt discharged.
174. The IRS 1099a form is an unconditional order to pay.
175. The IRS 1099a form is a bill of exchange.
176. Bill of exchange are collateral securities in accordance with Title 12 USC 412.
177. Refusal UCC 3-603 (b) states if refused the debt discharged.
178. Payoff statement from Colonial.
179. Baker, Monroe, Hutson from Gregory W Monroe certified mail 7019.1102.0002.1307.9733.
180. Bank Loan Check- I do not know what you are asking for here.
181. CUSPID Number -This is a pool number assigned to the loan.
182. Privacy Notice-Colonial denies any allegation that Colonial has violated your privacy.
183. Promissory note- previously sent to you.
184. Loans by Bank on its own stock.
185. 12 USC 1431-I do not understand what you are asking for here. This provision has nothing to do with a consumer mortgage loan.
186. Negotiable Instruments- You are correct. The Note is a negotiable instrument, and you are currently in default by failing to pay as required under the Note. By signing the Note, you unconditionally promised to pay the fixed amount due under the Note Colonial is currently in possession of the note.
187. Registration Under the Securities Act 1933-Your loan transaction does not need to be registered under The Securities Act.
188. Credit Reporting-Colonial allowed to do so.
189. Harassment- Colonial denies all allegations.
190. Affidavit Letter of Credit and Credit Released dated May 20, 2024.
191. Certified mail 9414 7112 0621 0735 9773 34 Colonial Default Department.

192. Conditional acceptance was hand signed by Jose Najar (Not legible print /signature).

193. Jose Najar signed (not legible print/signature) for the parcel was hand-signature with black pen. June 3, 2024, at 9:02am.

194. Jose Najar signed (not legible print/signature) for the parcel was hand-signature with black pen.

195. Certified mail 9414 7112 0621 0735 9590 88 Colonial Ben Dempsey, CFO.

196. Conditional acceptance was hand signed by Jose Najar (Not legible print /signature).

197. Jose Najar signed (not legible print/signature) for the parcel was hand-signature with black pen. June 3, 2024, at 9:01am.

198. Jose Najar signed (not legible print/signature) for the parcel was hand-signature with black pen.

199. Certified mail 9414 7112 0621 0735 9918 80 Baker, Monroe, Hutson PLLC -Mr. Monroe.

200. Conditional acceptance was hand signed by Pamela D Timmons.

201. Pamela D Timmons had hand-signature with a black pen. June 3, 2024, at 1:42pm.

202. Colonial letter dated July 26, 2024, MODIFICATION TRAIL PERIOD PLAN NOTICE. ACT NOW-KEY STEPS 09/01/2024-11/01/2024.

203. Notarized Colonial default Department Cease-and-Desist notice July 30, 2024. Sent to default department certified mail 9589 0710 5270 2078 6099 22.

204. Conditional acceptance on August 6, 2024, at 5:22 am.

205. Conditional acceptance was hand signed by E (not legible signature).

206. E (not legible signature) signed for the parcel by hand with black pen.

207. Notarized Cease-and-Desist notice July 30, 2024. Sent to Ben Dempsey, CFO certified mail 9589 0710 5270 2078 6099 39.

208. Conditional acceptance on August 6, 2024, at 5:22 am.

209. Conditional acceptance was hand signed by E D (not legible signature).

210. E D (not legible signature) signed for the parcel by hand with black pen.

211. Notarized Baker, Monroe, Hutson for Gregory W Monroe Cease-and-Desist certified mail 9589 0710 5270 2078 6099 15.

212. Conditional acceptance on August 4, 2024, at 1:59 pm.

213. Conditional acceptance was hand signed by Amy Deathgrage.

214. Amy Deathgrage signed for the parcel by hand with a black pen.

215. Notarized letter Colonial Loss-Mitigation Department Cease-and-Desist notice September 25, 2024, certified mail 9589 0710 5270 2078 6135 92.

216. Delivery attempt September30,2024, at 10:41am. Held at post office at customer request.

217. Conditional acceptance on October 1, 2024, at 9:39 am.

218. C Conditional acceptance was hand signed by Jose Najar (Not legible print /signature).

219. Conditional acceptance was hand signed by Jose Najar (Not legible print /signature).

220. Jose Najar signed (not legible print/signature) for the parcel was hand-signature with black pen.

221. Title 12 USC 83(a) banks do not loan their own stock.

222. CUSIP Number not received.

223. UCC 3-603 (b) Tender of Payment, refused negotiable instruments discharged.

224. 7 CFR 1951.15 return of paid-in-full or satisfied notes.

225. Title 18 subsection 8 the United Staes is OBLIGATED to pay all debts. Janet Yellen is my fiduciary.

226. PRIMELENDING has access to the Federal Discount Window since May 22, 1995. Susan Saffle, AVP stamped her qualified/special indorsement stamp for the full maturity value of the 30-year note. This is CONTRACTUAL FRAUD, NON-DISCLOSURSE the day of closing on August 27, 2019, with Weeks and Irving, LLC.

227. Non-Disclosure from Weeks and Irving, LLC, I signed a promissory note as a blank indorsement.

228. Negotiable Instruments are at a federal level.

229. Colonial has had access to the federal Discount Window since December 04, 1991.

230. File complaint with CFPB, complaint number 2440926-16228565 for debt validation against Colonial.

231. File formal complaint against Colonial with Treasury Inspector General on September 30, 2024, at 1:42pm.

232. File formal complaint against Colonial with FDIC Inspector General on September 30, 2024, at 1:31pm.

233. Email message from Tricia Garcia started forwarding this information to management, her supervisor is Charles Olivares.

234. Fraud on these accounts is due to a complete lack of disclosure of the terms of the loan as well as the collateralization of the original promissory note.

235. The orders inside this parcel consumer unconditional tender of payment.

236. The term "US dollars" includes Federal Reserve Notes.

237. Due to the original promissory having already been swapped for Federal Reserve Notes after the application was indorsed with the blank indorsement, the orders inside the parcels were a payment for US dollars.

238. The orders sent by Elizabeth M Dimler are an unconditional order to pay on this account.

239. ELIZABETH M DIMLER is now the person entitled to enforce all negotiable instruments on all the above accounts.

240. ELIZABETH MARIE DIMLER is now the holder in due course regarding all negotiable instruments on all the above accounts.

241. Via email to Tricia Garica, Loss Mitigation Department on October 1, 2024, at 11:02 am, I let her know that I will not be doing arbitration, I will not give up my rights for discovery and a trial by jury.

242. Received collection letter dated 10/01/2024 to make a payment of $8,672.78.

## v.    COUNT ONE - BREACH OF CONTRACT:

243. The plaintiff incorporated by reference all of the above paragraph of this complaint as through fully stated herein with the same were set forth at length herein.

244. Had someone spoken to Elizabeth Marie Dimler about his options, she would have done a qualified special indorsement on any instrument to properly perform.

245. COLOINIAL ignored orders and questions from Elizabeth Marie Dimler and threatened with foreclosure.

## vi.    COUNT TWO – BREACH OF FIDUCIARY DUITIES:

246. The plaintiff incorporated by reference all of the above paragraphs of this complaint as through fully stated herein with the same force and effect as if the same were set forth at length within.

247. PRIMELENDING is not a "lender" after recession of the blank indorsement was completed and the qualified / special indorsement replaced it. Any statements that a "lender" does not have a fiduciary responsibility are irrelevant.

248. ELIZABETH MARIE DIMLER is the beneficiary of PRIMELENDING.

249. ELIZABETH MARIE DIMLER is the beneficiary of COLONIAL.

250. PRIMELENDING has a fiduciary duty to the financial success of ELIZABETH MARIE DIMLER.

251. COLONIAL has a fiduciary duty to the financial success of ELIZABETH MARIE DIMLER.

252. PRIMELENDING / COLONIAL is paid to ensure the law is correctly applied in respect to beneficiary ELIZABETH MARIE DIMLER.

253. PRIMELENDING / COLONIAL has an obligation and desire to ensure that UCC Article 3 is properly followed.

254. PRIMELENDING has an obligation and desire to ensure that the Emergency Banking Act of 1933 is followed.

255. COLONIAL has an obligation and desire to ensure that the Emergency Banking Act of 1933 is followed.

256. Once presented with orders or conditional acceptance above, COLONIAL never attempted to clarify or perform for Elizabeth Marie Dimler or ELIZABETH MARIE DIMLER.

257. PRIMELENDING follows Title 12 USC 412.

258. COLONIAL follows Title 12 USC 412.

259. "PRIMELENDING A PLAINSCCAPITAL BANK" has had access to the Federal Reserve Window services since May 22, 1995, according to the Federal Reserve Master Account and Services Database.

260. "COLONIAL SAVINGS, F.A." has had access to the Federal Reserve Window services since December 4, 1991, according to the Federal Reserve Master Account and Services Database.

261. PRIMELENDING never mentioned entering Elizabeth Marie Dimler or ELIZABETH MARIE DIMLER above the benefits of qualified / special indorsements.

262. COLONIAL never mentioned entering Elizabeth Marie Dimler or ELIZABETH MARIE DIMLER above the benefits of qualified / special indorsements.

263. Weeks and Irving, LLC never mentioned entering Elizabeth Marie Dimler or ELIZABETH MARIE DIMLER above the benefits of qualified / special indorsements.

264. This harmed ELIZABETH MARIE DIMLER by now having an imbalanced account and having to work to acquire extraneous and entirely irrelevant Federal Reserve Notes.

265. This Breach of Fiduciary duty has caused years of anxiety over the unnecessary use of extraneous Federal Reserve Notes.


## VII.    COUNT THREE – MONEY HAD AND RECEIVED:

266. Plaintiff incorporates by reference all of the above paragraphs of this complaint as through fully stated herein with the same force and effect as if the same were set forth at length herein.

267. The plaintiff became the person entitled to enforce these instruments once negotiation was rescinded and clarified.

268. Plaintiff became the holder in due course of these instruments once negotiation was rescinded and clarified.

269. Illegal possession and transfer of above negotiable instruments are retained currently with defendant PRIMELENDING.

270. Illegal possession and transfer of above negotiable instruments are retained currently with defendant COLONIAL.

271. These funds should have been payable to the plaintiff's account to set off the account and a small currency exchange fee should have been charged in order to assist the plaintiff in Federal Reserve Discount Window services.


## VIII.    COUNT FOUR – FRAUD:

272. The plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein with the same force and effects as if the same force and effect as if the same were set forth at length herein.

273. Unknown negotiation via a blank indorsement allowed PRIMELENDING to take possession of all collateral securities on these accounts fraudulently.

274. This transportation should have been done under qualified / special negotiation and should have been temporary until the application for notes via 12 U.S.C. 412 was completed at the Federal Reserve Window.

275. PRIMELENDING A PLAINSCAPITAL BANK Federal Reserve Window access.

276. COLONIAL SAVINGS, F.A. Federal Reserve Window access.

277. Each individual credit tranact6ion on these accounts would be a separate charge of this charge.

278. The plaintiff was never informed as to these instruments being negotiable.

279. Plaintiff was never informed of various optional indorsements in accordance with Uniform Commercial Code Article 3.

280. Plaintiff has a responsibility to avail herself of her optional indorsements, but PRIMELENDING and Weeks and Irving, LLC could have spent a short period of time to educate plaintiff about indorsements as a part of their fiduciary duties.

281. Elizabeth Marie Dimler has clarified and ordered all current and future negotiation while rescinding all previous blank negotiation under fraud.

282. Fraud is due to complete failure to disclose the terms and options of signing / indorsing above collateral securities.

283. This damaged the plaintiff materially due to valuable instruments being purloined and not available for the plaintiff. The plaintiff was coerced into paying twice on all transactions.

284. Due to Elizabeth Marie Dimler signature being the birth of value for all the above negotiable instruments, Elizabeth Marie Dimler and ELIZABETH MARIE DIMLER are the secured parties for all transactions in this deal.

285. Each individual credit transaction on these accounts would be separate instances of this charge.

## IX.    COUNT FIVE – 42 U.S. Code § 1994 – Peonage.

286. The plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

287. Plaintiff was forced to work and perform under this contract as "debt," when the debt was only existing due to a failure to use a qualified / special indorsement on the original note.

288. The plaintiff had to use extraneous and irrelevant Federal Reserve Notes to prevent the Ens Legis' credit score (ELIZABETH MARIE DIMLER) from being negatively affected.

289. PRIMELENDING made it appear that plaintiff was in debt by failing to help the plaintiff do a qualified / special indorsement.

290. COLONIAL made it appear that plaintiff was in debt by failing to help the plaintiff do a qualified / special indorsement.

291. The defendant's took possession of all of the manufactured and released collateral securities on the account, then was given additional Federal Reserve Notes, effectively being paid twice it should have only been once.

### x.    COUNT SIX – UNLAWFUL CONVERSION:

292. The plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

293. Due to a failure to do a qualified / special indorsement, which could have easily been done, the plaintiff was enticed into having to pay each month using irrelevant and extraneous negotiable instruments called Federal Reserve Notes.

294. Elizabeth Marie Dimler was intimidated with fear of having ELIZABETH MARIE DIMLER credit score attacked if he failed to supply irrelevant and extraneous Federal Reserve Notes each month.

295. The plaintiff got absolutely NO equal consideration in exchange for her collateral securities and negotiable instruments beyond the facilitation of security swap and transfer (Of which she would be more than happy to pay a fee for).

296. PRIMELENDING could have informed the plaintiff of her option to do a qualified / special indorsement rather than a blank indorsement.

297. Due to the case of which PRIMELENDING could have helped and informed the plaintiff of a qualified / special versus blank indorsement, it is assumed that the intent was to entice the plaintiff into slavery.

298. Elizabeth Marie Dimler was forced to serve in a slavery position due to complete fraud regarding the indorsement of the negotiable instruments produced on these accounts.

## XI.    <u>COUNT SEVEN – UNJUST ENRICHMENT:</u>

299. The plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

300. Due to the financial gain of having the plaintiff do a blank indorsement rather than a qualified / special indorsement on the original collateral security, PRIMELENDING had financial motive to ensure plaintiff indorse with a blank indorsement.

301. Intent on having plaintiff sign with a blank indorsement was pre-conceived by PRIMELENDING.

302. The plaintiff was left in a situation where she felt compelled to provide entirely irrelevant Federal Reserve Notes in order to prevent the credit score from being attacked.

303. The Plaintiff was forced to provide entirely irrelevant Federal Reserve Notes after her collateral securities were purloined via a blank indorsement.

304. PRIMELENDING should have been providing a service of swapping the collateral securities under qualified / special negotiation.

305. Elizabeth Marie Dimler would have been happy to pay a small swap fee for the service of exchanging the collateral securities at the Federal Reserve Window.

306. Instead, the plaintiff was forced to perform each month unnecessarily under threat of punishment (bad credit reporting).

307. PRIMELENDING benefits from a blank indorsement by being able to keep all the Federal Reserve Notes after the application for notes its complete (Title 12 U.S.C. § 412).

308. PRIMELENDING benefits from a blank indorsement by being able to collect the Federal Reserve Notes of the swapping collateral securities as well as the Federal Reserve Notes paid each month on the account.

309. PRIMELENDING pretends it is the "lender" by claiming the collateral security, after it is released with a blank indorsement, then claiming it used a qualified / special indorsement.

310. Under qualified / special negotiation, ELIZABETH MARIE DIMLER is actually the lender and Elizabeth Marie Dimler is the borrower, PRIMELENDING is just a currency exchange at this point and facilitates Federal Reserve services.

311. PRIMELENDING collects substantially more Federal Reserve Notes by carefully failing to inform their beneficiaries of their indorsement options.

312. Due to back of terms and communications, it is assumed that PRIMELENDING intends to entice its beneficiaries into slavery for financial gain.

313. Received a letter on October 15, 2024 from Riley Pope & Laney, LLC for debt collector by and for COLONIAL in the amount of $215,380.39. RPL Reference 4102.00324. COLONIAL May 08, 2024, last payoff amount was in the amount of $144,575.92. An increase difference of $70,804.47.


### XII.    DEMANDS FOR RELIEF:

314. Full discharge of all above loan in their current state.

315. Full refund of each individual extraneous payment made on the accounts using Federal Reserve Notes.

316. Remove all negative from all credit reporting agencies (Equifax, Esperian, TransUnion).

317. $60,000,000.00 (sixty-million dollars) in damages, Payable in Federal Reserve Notes.

318. The original Promissory note is in accordance with 7 CFR 1951.15.

319. An Allodial title to property 8129 Shadow Oak Drive, North Charleston, South Carolina 29406-9578, SUBDIVISION NAME, OAK BLUFF DESCRIPTION -LOT 1502 PHASE 1-B, PLAT SUFFIX EG-188 POLTWP 006, TMS NO. 484-00-245.

## SUMMARY

NOW, THEREFORE, in accordance with the pertinent legal provisions and in the interest of justice, the Plaintiff respectfully requests this Honorable Court to issue an Order for the award of monetary damages against the Defendants', PRIMELENDING and COLONIAL. The Plaintiff seeks any additional and appropriate relief that this Court, in its wisdom, may consider just and equitable given the circumstances at hand.

THE PLAINTIFF ENTERS THIS COURT, PROCEEDING WITH A CONSTRUCTIVE INTENT, VESTED THE DESIRE TO COLLABORATE WITH THE DEFENDANT TOWARDS A FAIR AND EQUITABLE CONCLUSION.

Dated: October 16, 2024,                    RESPECTFULLY SUBMITTED,

*Elizabeth Marie Dimler*

ELIZABETH MARIE DIMLER

BY: Elizabeth Marie Dimler
Elizabeth Marie Dimler, PRO SE
8129 Shadow Oak Drive
North Charleston, South Carolina 29406
elizabeth5397@att.net
(843) 813-6698

## CERIFICATE OF SERVICE

I hereby certify that on October 16, 2024, a copy of the following was filed with the Clerk of this Court as is required by Pro Se litigants via ECF. Further, all counsel of record were served with the same.

*Elizabeth Marie Dimler*

Elizabeth Marie Dimler